THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

**CERTIFIED EXPRESS, INC.,**

    Plaintiff,

v.

**JEREMY OWENS, BARNES TRANSPORTATION SERVICES, INC., KENZIE ALLAN a/k/a ALLAN CAMERON, FREIGHTWORKS, LLC, ASHLEIGH HUFFMAN, and CRETE CARRIER CORPORATION,**

    Defendants.

No. 3:23-cv-4
**JURY DEMANDED**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff Certified Express, Inc. (hereinafter also referred to as "CEI"), by and through counsel, and brings this Action seeking recovery of damages from Defendants Jeremy Owens (hereinafter also referred to as "Defendant Owens" and collectively as "Defendants"), Barnes Transportation Services, Inc. (hereinafter also referred to as "Defendant Barnes Transportation" and collectively as "Defendants"), Kenzie Allan a/k/a Allan Cameron (hereinafter also referred to as "Defendant Allan" and collectively as "Defendants"), FreightWorks, LLC (hereinafter also referred to as "Defendant FreightWorks" and collectively as "Defendants"), Ashleigh Huffman (hereinafter also referred to as "Defendant Huffman" and collectively as "Defendants"), and Crete Carrier Corporation (hereinafter also referred to as "Defendant Crete Carrier" and collectively as "Defendants") for property damage resulting from a motor vehicle accident occurring in Knoxville, Knox County, Tennessee on or about December 14, 2020. In support of this Complaint, CEI asserts the following:

1

## PARTIES, JURISDICTION, AND VENUE

1. Certified Express, Inc. is a foreign corporation organized in the State of Missouri with its principal office in Neosho, Newton County, Missouri.

2. Upon information and belief, Defendant Jeremy Owens is an adult resident citizen of Henderson, Vance County, North Carolina who may be personally served with process at 360 Stantonville Lane, Henderson, North Carolina 27537.

3. Upon information and belief, Defendant Barnes Transportation Services, Inc. is a foreign corporation formed in the State of North Carolina with its principal office in Wilson, Wilson County, North Carolina and may be served with process by and through its registered agent, Anthony Keith Barnes, at 2309 Whitley Road East, Wilson, North Carolina 27893 and/or at 4902 St. Georges Drive, Wilson, North Carolina 27896.

4. Upon information and belief, Defendant Kenzie Allan a/k/a Cameron Allan is an adult resident citizen of Marion, McDowell County, North Carolina who may be personally served with process at 10683 Mentford Road, Marion, North Carolina 28752.

5. Upon information and belief, Defendant FreightWorks, LLC is a foreign limited liability company formed in the State of North Carolina with its principal office in Ruthfordton, Rutherford County, North Carolina and may be served with process by and through its registered agent, FreightWorks Holdings, LLC, which may in turn be served with process by and through its registered agent, Joshua B. Farmer, at 668 Poors Ford Road, Rutherfordton, North Carolina 28139.

6. Upon information and belief, Defendant Ashleigh Huffman is an adult resident citizen of Union Grove, Iredell County, North Carolina who may be personally served with process at 173 Hillsdale Road, Union Grove, North Carolina 28689.

7. Upon information and belief, Defendant Crete Carrier Corporation is a foreign corporation formed in the State of Nebraska with its principal office in Lincoln, Lancaster County, Nebraska that is authorized to do business in the State of Tennessee and may be served with process by and through its registered agent(s), Timothy G. Aschoff and/or Curtis Ruwe, at 400 NW 56th Street, Lincoln, Nebraska 68528.

8. This Complaint arises from a motor vehicle accident occurring on or about December 14, 2020 at or near milemarker 394 on Interstate 40 in Knoxville, Knox County, Tennessee.

9. This Honorable Court has jurisdiction and venue is proper.

FACTS

10. By incorporation and reference, CEI restates all previous factual allegations and averments as though restated in full herein.

11. On or about December 14, 2020 at approximately 5:10 a.m., Defendant Owens was operating a tractor trailer eastbound on I-40 at or near milemarker 394 in Knoxville, Knox County, Tennessee.

12. Upon information and belief, the tractor trailer operated by Defendant Owens was owned by Defendant Barnes Transportation and/or was operated by Defendant Owens within the scope and course of an employment with Defendant Barnes Transportation.

13. At the same time and place, Clayton Rector operated a tractor trailer owned by CEI eastbound on I-40 at or near milemarker 394 west of the tractor trailer operated by Defendant Owens so as to be "travelling behind" Defendant Owens.

14. At the same time and place, Defendant Allan operated a tractor trailer owned by Defendant FreightWorks eastbound on I-40 at or near milemarker 394 west of the tractor trailer operated by Clayton Rector so as to be "travelling behind" Clayton Rector.

3

15. Upon information and belief, the tractor trailer operated by Defendant Allan was owned by Defendant FreightWorks and/or was operated by Defendant Allan within the scope and course of an employment with Defendant FreightWorks.

16. At the same time and place, Defendant Huffman operated a tractor trailer owned by Defendant Crete Carrier eastbound on I-40 at or near milemarker west of the tractor trailer operated by Defendant Allan so as to be "travelling behind" Defendant Allan.

17. Upon information and belief, the tractor trailer operated by Defendant Huffman was owned by Defendant Crete Carrier and/or was operated by Defendant Huffman within the scope and course of an employment with Defendant Crete Carrier.

18. At the times relevant, it was raining and/or had just rained recently at or near milemarker 394 on I-40 in Knoxville, Knox County, Tennessee.

19. Upon information and belief, as Defendant Owens travelled eastbound on I-40 at or near milemarker 394, he lost control of the tractor trailer he was operating and caused it, or otherwise allowed it, to jackknife, fall on its side, and come to a stop such that the tractor trailer was positioned perpendicularly across approximately two of the three eastbound lanes of I-40.

20. When Clayton Rector approached the tractor trailer owed by Defendant Barnes Transportation and operated by Defendant Owens, lying on its side across the eastbound lanes of I-40, Clayton Rector safely, cautiously, and prudently pulled the tractor trailer he was operating to the right, or outer, shoulder of I-40.

21. Upon information and belief, when Defendant Allan approached the tractor trailer owed by Defendant Barnes Transportation and operated by Defendant Owens, lying on its side across the eastbound lanes of I-40, Defendant Allan collided with the trailer of the tractor trailer

4

owed by Defendant Barnes Transportation and operated by Defendant Owens, splitting it into two separate pieces.

22. Upon information and belief, when Defendant Huffman then approached the scene of the collision between the tractor trailer operated by Defendant Allan and the tractor trailer operated by Defendant Owens, Defendant Huffman maneuvered the tractor trailer she was operating, which was owned by Defendant Crete Carrier, so as to collide with a portion of the trailer of the tractor trailer operated by Defendant Owens and the driver's side of CEI's tractor trailer operated by Clayton Rector.

23. As a result of the collision, CEI's tractor trailer was damaged and CEI lost its use for a period of time.

## CAUSE OF ACTION

24. By incorporation and reference, CEI restates all previous factual allegations and averments as though restated in full herein.

25. The acts and/or omissions of Defendant Owens, Defendant Allan, and Defendant Huffman, respectively, amount to negligence and served as the direct and proximate cause of the motor vehicle accident and all resulting damages sustained by CEI.

26. At the times relevant, Defendant Owens was operating a tractor trailer owned by Defendant Barnes Transportation and/or was acting within the scope and course of an employment with Defendant Barnes Transportation such that Defendant Barnes Transportation is vicariously liable for each and every act and/or omission amounting to negligence on the part of Defendant Owens.

27. Defendant Barnes Transportation knew, or exercise of ordinary care reasonably should have known, that Defendant Owens was incapable of operating its tractor trailer in a reasonable

5

and prudent manner such that Defendant Barnes Transportation negligently entrusted its tractor trailer to Defendant Owens.

28. At the times relevant, Defendant Allan was operating a tractor trailer owned by Defendant FreightWorks and/or was acting within the scope and course of an employment with Defendant FreightWorks such that Defendant FreightWorks is vicariously liable for each and every act and/or omission amounting to negligence on the part of Defendant Allan.

29. Defendant FreightWorks knew, or exercise of ordinary care reasonably should have known, that Defendant Allan was incapable of operating its tractor trailer in a reasonable and prudent manner such that Defendant FreightWorks negligently entrusted its tractor trailer to Defendant Allan.

30. At the times relevant, Defendant Huffman was operating a tractor trailer owned by Defendant Crete Carrier and/or was acting within the scope and course of an employment with Defendant Crete Carrier such that Defendant Crete Carrier is vicariously liable for each and every act and/or omission amounting to negligence on the part of Defendant Huffman.

31. Defendant Crete Carrier knew, or exercise of ordinary care reasonably should have known, that Defendant Huffman was incapable of operating its tractor trailer in a reasonable and prudent manner such that Defendant Crete Carrier negligently entrusted its tractor trailer to Defendant Huffman.

32. Clayton Rector did not commit any act or omission that caused or otherwise contributed to the occurrence of the subject motor vehicle accident.

33. Due to the motor vehicle accident negligently caused by the Defendants, CEI's tractor trailer sustained damage.

34. Due to the motor vehicle accident negligently caused by the Defendants and the resulting damage to CEI's tractor trailer, CEI lost the use of its tractor trailer for a period of time.

35. CEI asserts that Defendant Owens, Defendant Allan, and Defendant Huffman are each guilty of the following acts of common law negligence. CEI states that said acts of common law negligence serve as the direct and proximate cause of this motor vehicle accident and all damages sustained by CEI. Defendant Owens, Defendant Allan, and Defendant Huffman are each guilty of the following acts of negligence:

    a. Failing to exercise that degree of care and caution necessary at the time and place of this accident;

    b. Failing to maintain a proper lookout for other vehicles properly upon the roadway;

    c. Failing to operate a vehicle with due care and caution for others properly upon the roadway;

    d. Failing to maintain control of a vehicle;

    e. Operating a vehicle at too great a speed for the circumstances then and there existing upon the roadway;

    f. Failing to obey the "Rules of the Road;" and/or

    g. General negligence.

36. CEI asserts that Defendant Owens, Defendant Allan, and Defendant Huffman are each guilty of violating statutes of the State of Tennessee which were in full force and effect at the time and place of this accident and serve to govern the conduct of Defendant Owens, Defendant Allan, and Defendant Huffman relative to the operation of motor vehicles. CEI asserts that Defendant Owens, Defendant Allan, and Defendant Huffman were each guilty of violating one, some, or all of the following state statutes which were in full force and effect at the time and place of this accident. By violating the following, Defendant Owens, Defendant Allan, and Defendant Huffman

are each guilty of negligence per se which served as a direct and proximate cause of this accident and the damages sustained by CEI. Defendant Owens, Defendant Allan, and Defendant Huffman violated the following:

    a. T.C.A. § 55-8-123: Traffic lanes;

    b. T.C.A. § 55-8-124: Following another vehicle; and/or

    b. T.C.A. § 55-8-136: Due care

37. As a direct and proximate result of Defendants' negligence, CEI sustained damage to its tractor trailer for which it incurred expenses totaling no less than $27,570.45 to repair and, in addition, lost the use of its tractor trailer for a period of time during which it incurred downtime losses of no less than $54,202.80.

WHEREFORE PREMISES CONSIDERED, Plaintiff Certified Express, Inc. prays that it be granted Judgment against Defendants Jeremy Owens, Barnes Transportation Services, Inc., Kenzie Allan, FreightWorks, LLC, Ashleigh Huffman, and Crete Carrier Corporation in an amount not to exceed $100,000.00, court costs, interest and all other damages to which it is entitled pursuant to the laws of the State of Tennessee.

Respectfully submitted,

McDONALD KUHN, PLLC

/s/ Joseph B. Baker
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
*Attorneys for the Plaintiff*

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served on the following via United States Mail, First Class, postage prepaid and via the ECF System maintained and administered by the United States District Court for the Eastern District of Tennessee on this the 3rd day of March 2023:

James R. Embrey, Jr.
424 Church Street, Suite 2950
Nashville, Tennessee 37219
*Attorney for Defendants Jeremy Owens and Barnes Transportation Services, Inc.*

Benjamin W. Jones
620 Market Street, 5th Floor
Knoxville, Tennessee 37901
*Attorney for Defendant Freightworks, LLC*

Lee L. Piovarcy
Andrew Gardella
315 Deadrick Street, Suite 1550
Nashville, Tennessee 37238
*Attorneys for Defendants Ashleigh Huffman and Crete Carrier Corporation*

    /s/ Joseph B. Baker
    Joseph B. Baker